United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Springboard Media, LLC, Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-20191-Civ-Scola |
| ) | |
| Augusta Hitech Soft Solutions, LLC ) et al., Defendant. | |

### Order

This cause is before the Court on the motion to dismiss filed by Defendants Augusta Hitech Soft Solutions, LLC ("Augusta") and Karthik Pichai. (ECF No. 36.) Having considered the motion, the Plaintiff's response in opposition (ECF No. 37), and the Defendants' reply (ECF No. 46), the Court **grants** the motion. (**ECF No. 36**.)

### 1.  Background

Plaintiff Springboard Media, LLC ("Springboard") initially filed this civil action against Augusta for monetary damages and equitable relief stemming from Augusta's alleged breaches of contract and tortious conduct, in connection with the development of a web and mobile application. (ECF No. 1.) On June 14, 2022, the Court dismissed the complaint in its entirety with leave to amend (ECF No. 19.) On June 24, 2022, the Plaintiff filed its amended complaint adding a claim against one of Augusta's co-founders, Karthik Pichai, for breach of a non-disclosure agreement (Count III), and requesting punitive damages against Augusta on its claim for tortious interference with a contract, which is now at Count IV. (Am. Compl., ECF No. 23).

Augusta and Mr. Pichai now move to dismiss both additions to the amended complaint. They assert that: (1) the claim against Mr. Pichai must be dismissed because the Plaintiff failed to sufficiently allege facts demonstrating that he disclosed the Plaintiff's confidential information to third-parties; and (2) none of the allegations in the amended complaint provide a reasonable basis for allowing punitive damages.

In response, the Plaintiff argues that: (1) Count III against Mr. Pichai for breach of the non-disclosure agreement contains sufficient factual allegations to state a claim for relief; (2) the Plaintiff pled sufficient factual allegations to support its request for punitive damages at Count IV; and (3) punitive damages are available in a claim for tortious interference with contract, and thus Plaintiff's claim for punitive damages in Count IV is legally sufficient.

### 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### 3. Discussion

#### A. Count III (Breach of Non-Disclosure Agreement)

To state a claim for breach of contract, the Plaintiff must allege: "(1) a valid contract; (2) a material breach; and (3) damages." *Brown v. Capital One Bank (USA), N.A.*, 2015 WL 5584697, at *3 (S.D. Fla. 2015) (Bloom, J.). The Defendants assert that the allegations regarding Mr. Pichai's purported breach are inadequate. The Court agrees.

The Plaintiff pleads the following in support of Count III:

> a) On or about August 22, 2019, Pichai entered into the Non-Disclosure Agreement ("NDA") (the NDA is attached as Exhibit "A" to amended complaint), (Am. Compl. ¶¶ 15, 67);
>
> b) The NDA required Pichai to keep confidential Springboard's proprietary and confidential information relating to the Project, and to ensure that all of his employees, agents, and contractors would agree to the same or similar agreement as the NDA should they receive Springboard's confidential information, (*id.* ¶¶ 16, 68);
>
> c) Pichai breached the NDA by sharing Springboard's confidential and proprietary information with unauthorized individuals and entities who did not execute confidentiality

> agreements like the NDA pursuant to its terms, one of which created a virtually identical product as Springboard's, (*id.* ¶¶ 23-24, 71, 73); and
>
> d) As a result of Pichai's breaches of the NDA, a third-party created a virtually identical product as Springboard's, Springboard's proprietary information was made accessible to others in the technology industry, and these consequences severely reduced the timeliness, novelty, and value of Springboard's product and caused direct and consequential damages to Springboard, (*id.* ¶¶ 25, 72-75).

However, the Plaintiff fails to allege any factual content that would lead the Court to reasonably infer that Mr. Pichai disclosed any confidential or proprietary information in violation of the non-disclosure agreement. Specifically, the Plaintiff fails to identify what confidential information Mr. Pichai disclosed without authorization; who Mr. Pichai disclosed the unknown confidential information to; or when Mr. Pichai disclosed the unidentified confidential information to unidentified third parties. Although Mr. Pichai's disclosure of confidential information is conceivable, the Plaintiff fails to nudge its "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Because the allegations are conclusory and lack an adequate factual basis, Count III of the amended complaint is dismissed.

### 4. Count IV's Request for Punitive Damages

At Count IV, the Plaintiff alleges that it is entitled to punitive damages because Augusta tortiously interfered with a contract between the Plaintiff and non-party Oracle. The Defendants argue that the Plaintiff's request for punitive damages should be dismissed because the amended complaint's allegations do not satisfy the pleading requirements for the extraordinary remedy of punitive damages. (ECF No. 36.)

Florida allows punitive damages for a tortious interference claim. *See, e.g., Imperial Majesty Cruise Line, LLC v. Weitnauer Duty Free, Inc.*, 987 So. 2d 706, 708 (Fla. 4th DCA 2008) (noting the Florida standard for punitive damages for the intentional tort of tortious interference.) To state a claim for punitive damages, though, a plaintiff must allege specific acts, not merely conclusory allegations. *Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1341 (11th Cir. 2001.)

*Imperial Majesty*, 987 So. 2d 706, also involved the question of punitive damages in an action for tortious interference. There, despite finding the

relevant interference to be "calculated, predatory, and excessive," Florida's Fourth District Court of Appeals still found that the misconduct did not warrant punitive damages. For punitive damages to apply, the court said that the misconduct would need to "rise to truly culpable behavior, for which [punitive] damages are tenable to 'express society's collective outrage.'" *Id.* at 708 (quoting *Hospital Corp. of Lake Worth v. Romaguera*, 511 So. 2d 559, 561 (Fla. 4th DCA 1986)); *see also G.M. Brod & Co., Inc. v. U.S. Home Corp.*, 759 F.2d 1526, 1536 (11th Cir. 1985) ("proof of an intentional tort by itself cannot support an award for punitive damages [ ] there must be an additional showing of malice, moral turpitude, wantonness or willfulness associated with [the] wrongful conduct.").

In Count IV, the Plaintiff alleges that:
> "Augusta, for its own benefit, intentionally, maliciously, and without any privilege to do so, prevented Springboard from working with Oracle to fix the very issues to the system and software caused by:
> a. Overwriting changes made by Springboard and Oracle made to fix Augusta's defective cloud deployment work; and
> b. Failing to incorporate wildcard certificates that Springboard purchased and provided to Augusta...."

(Am. Compl. ¶ 79.)

Although the above allegations are certainly indicative of a plausible tortious interference claim, they do not amount allegations of plausible misconduct for which "punitive damages are tenable to express society's collective outrage." *Imperial Majesty*, 987 So. at 708 (cleaned up). Indeed, these allegations contain insufficient information to show "malice, moral turpitude, wantonness or willfulness." *G.M. Brod*, 759 F.2d at 1536 ("Malice ... is not simply the doing of an unlawful act or injurious act, it implies that the act complained of was conceived in the spirit of mischief or criminal indifference to civil obligations.").

In evaluating for the permissibility of punitive damages, Florida courts do not require a fact intensive investigation into the merits. Instead, they entertain the punitive damages issue by way of a motion to dismiss or a motion to strike, not a summary judgment motion. *Porter*, 241 F.3d at 1340.

As such, the Court finds the Defendants' motion an acceptable juncture at which to deny Count IV's request for punitive damages.

### 5.   Conclusion

Accordingly, the Court **grants** the Defendants' motion to dismiss. (**ECF No. 36**.) Count III is dismissed. The Court instructs the Clerk to **terminate Mr. Pichai** as a party to this case. Additionally, the Plaintiff's request for punitive damages at Count IV is denied.

**Done and ordered** at Miami, Florida on September 27, 2022.

_____
Robert N. Scola, Jr.
United States District Judge